# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00084-MR-DLH

| | |
|---|---|
| EUGENE "SHERLOCK" HOLMES, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TIM MOORE, et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. 2].

## I.   FACTUAL BACKGROUND

The Plaintiffs' Complaint, while difficult to decipher, appears to assert claims against various individuals, including attorneys and judges, for violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 arising from the alleged "immoral conduct" of one defendant attorney and the action of the other named defendants in "refus[ing] to make this information known to the court and forc[ing] the plaintiff Eugene Holmes to a mental institution, sealing all record[s]." [Doc. 1 at 6].

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28.

A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III. DISCUSSION

Upon careful review of the Plaintiff's Complaint, the Court concludes that this action must be dismissed. First, the Plaintiff appears to seek review of the state court proceedings pursuant to which he was either incarcerated or committed to a mental institution.[1] "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v.

---

[1] Plaintiff claims to have been forced into a mental institution and also to have been imprisoned for 200 days as a result of the Defendants' conduct. [See Doc. 1 at 6, 7].

Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (citation omitted). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006). Here, the Plaintiff's federal claims appear to be inextricably intertwined with prior state courts decisions with regard to either the criminal prosecution and/or civil commitment of the Plaintiff. If the Plaintiff wishes to challenge the validity of any such state court orders, he must do so in the state courts.

Further, the claims against the defendant judges in this action must be dismissed in accordance with the doctrine of absolute judicial immunity. Stratton v. Mecklenburg County Dep't of Soc. Servs., 521 F. App'x 278, 291 (4th Cir. 2013) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)); Bruce v. Riddle, 631 F.2d 272 (4th Cir. 1980) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)) (noting that "individuals acting in a judicial capacity have absolute immunity from liability in a § 1983 action.").

Additionally, the claims against the defendant attorneys must be dismissed since they were not state actors in the events alleged in the Complaint. To be held liable under 42 U.S.C. § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions," DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966) and Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991)), such that the private action "may be fairly treated as that of the State itself." Id. (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999). While there are circumstances under which a private party can be deemed to be a state actor, see DeBauche, 191 F.3d at 507, the Plaintiff's Complaint does not identify any such circumstances here. Further, although private actors can be sued under 42 U.S.C. § 1985, see Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2$^{d}$ Cir. 1988), the Plaintiff has failed to assert factual allegations sufficient to support such a conspiracy claim, see Leon v. Murphy, 988 F.2d 303, 311

($2^d$ Cir. 1993). Thus, the Plaintiff's claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the defendant attorneys must be dismissed.

Finally, the Court notes that the frivolous nature of the Plaintiff's claims is evident in the relief sought by the Plaintiff. Rather than seeking compensatory damages, the Plaintiff instead asks the Court to order the Cleveland County Board of Election Director to place the Plaintiff on the ballot as a candidate for the North Carolina House of Representatives and to order the Federal Bureau of Investigation to investigate the defendants. [Doc. 1 at 9]. Such requests are frivolous and have no basis in the law.

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that such application should be granted. The Court further concludes that the allegations set forth in the Plaintiffs' Complaint fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the

case.  See <u>Neitzke</u>, 490 U.S. at 328; <u>White</u>, 886 F.2d at 724.  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants.  See <u>Cochran v. Morris</u>, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this civil action.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE,** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**   Signed: April 9, 2014

Martin Reidinger
United States District Judge